FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 SEP 21 A 10 56
CLERK J. Burton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE JAMES HOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-127 |
| | ) | |
| DISTRICT ATTORNEY'S OFFICE OF | ) | |
| RICHMOND COUNTY, BARBARA A. | ) | |
| SMITH, Former Assistant District Attorney, | ) | |
| DONALD EVANS, Trial Attorney, and | ) | |
| CLEON ANTHONY WALDEN, Former | ) | |
| Detective, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se* and has been granted permission to proceed *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.  **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) the District Attorney's Office of Richmond County; (2) Barbara A. Smith, an attorney whom Plaintiff alleges is a former Assistant District Attorney; (3) Donald Evans, an attorney appointed to represent

Plaintiff in a criminal case; and (4) Cleon Anthony Walden, whom Plaintiff alleges is a former detective for the Augusta Police Department. (Doc. no. 1, pp. 1-3.)

Plaintiff first alleges that, on October 1, 1990, he was taken to the Law Enforcement Center by Defendant Walden, where he was questioned by Defendant Walden concerning a man that Plaintiff "had been seen talking to." (Id. at 3.) Plaintiff alleges that Defendant Walden told him that he knew that Plaintiff had not committed the crime in question – armed robbery – but that he knew that Plaintiff knew who *had*, in fact, committed the crime. (Id.) Plaintiff alleges that he then told Defendant Walden the first name of the man, but also stated that he did not know the man's last name, his address, or where he could be found. (Id.) At that point, Plaintiff asserts, Defendant Walden became upset because he thought that Plaintiff was lying, and told Plaintiff that if he "didn't tell him the information he requested, then he would charge [Plaintiff] with the crime." (Id. at 4.) Plaintiff alleges that, in response, he told Defendant Walden that he had already told him all that he knew; as a result, Plaintiff alleges, Defendant Walden charged him with armed robbery.[1] (Id.) In parentheses, and without further elaboration, Plaintiff writes "void affidavit and arrest warrant, void judgment." (Id.)

Plaintiff next alleges that Defendant Smith, a former Assistant District Attorney for Richmond County, knew that an affidavit and "so-called arrest warrant" that were presumably related to Plaintiff's alleged incident "[weren't] legal," that those documents were "never a part of the record" due to not being filed with the Superior Court of Richmond County Clerk's Office, and that Defendant Smith kept "that illegal document" in her office, which it took

---

[1]Although not stated within the statement of his claim, Plaintiff alleges on his civil complaint sheet that he served "19 yrs, 11 mos, and 8 days in prison for allegedly committing a crime" without being arrested. (Doc. no. 1-1, p. 1.)

2

Plaintiff fifteen years to acquire. (Id.)

Plaintiff alleges that Defendant Evans, as his appointed trial attorney, knew that Plaintiff was being held for a crime that he "hadn't been arrested for committing," and that "the arrest warrant should have been the first thing he requested." (Id.) Plaintiff finally alleges that, because Defendant Smith was an employee of the District Attorney's Office of Richmond County and acted as its representative, "her actions [were] the same as that of the [District Attorney's office]," and the District Attorney's Office is thus also liable for Plaintiff's alleged injury. (Id.)

In his request for relief, Plaintiff seeks a jury trial, monetary damages against each Defendant, and the removal of his conviction from his record. (Doc. no. 1, p. 5.)

## II. DISCUSSION

### A. No § 1983 Claim Based on Wrongful Imprisonment

The Supreme Court has held that when a plaintiff's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. Conversely, § 1983 is the appropriate course of relief for a plaintiff "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall

within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983). Indeed, "[a]s the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Heck, 512 U.S. at 487 n.6). Simply put, a claim for monetary damages or equitable relief resulting from Plaintiff's alleged unconstitutional conviction or confinement is not cognizable under 42 U.S.C. § 1983. Heck, 512 U.S. at 483.

Here, Plaintiff alleges that Defendants' unconstitutional actions toward him led to his unlawful imprisonment, and he seeks relief in the form of monetary damages and the removal of the related conviction from his record. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, to the extent that Plaintiff's claim in this case is based on improper imprisonment resulting from a wrongful conviction, it is not actionable in a § 1983 suit and should be dismissed for failure to state a claim.

### B. Failure to State a Claim Against Defendants Smith, Evans, and District Attorney's Office

Even if Plaintiff's claims were not barred by Heck v. Humphrey as described above, his claims against Defendants Smith, Evans, and District Attorney's Office would be still be subject to dismissal for failure to state a claim on which relief may be granted.

First, Plaintiff fails to state a claim against Defendant Smith, as she is entitled to

absolute immunity. Prosecutors are entitled to absolute immunity for damages under § 1983 for "actions taken . . . in their role as advocates." Rehberg v. Paulk, ___ U.S. ___, 132 S. Ct. 1497, 1503 (2012); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions [s]he takes while performing [her] function as an advocate for the government."). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera, 359 F.3d at 1353 (citation omitted); see also Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010) ("In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009))), *aff'd*, 132 S. Ct. at 1510.

Here, as far as can be ascertained from the complaint, Plaintiff's allegations against Defendant Smith only pertain to her traditional duties as counsel for the State in Plaintiff's criminal case, and she is therefore entitled to absolute immunity. Accordingly, Plaintiff's allegations against Defendant Smith fail to state a claim upon which relief may be granted.

Next, Plaintiff's complaint fails to state a § 1983 claim against Defendant Evans, Plaintiff's appointed counsel in the underlying criminal case, because he did not act under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of

state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law).

By representing Plaintiff in his criminal case, Defendant Evans was simply acting in accordance with his role as counsel to a defendant in a criminal proceeding and thus is not a "person acting under color of state law" under § 1983. Therefore, Plaintiff's allegations against Defendant Evans fail to state a claim upon which relief may be granted.

Plaintiff's allegations are also insufficient to state a claim against the District Attorney's Office of Richmond County. Notably, "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Here, Plaintiff has named an entity, not a particular person, as the alleged wrongdoer. However, Plaintiff fails to explain how the District Attorney's Office – as an entity – is capable of being sued for any improper actions that are alleged to have occurred as the result of the actions of individuals.

Moreover, "the Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing

Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*). Given that it is funded by the State, the District Attorney's Office of Richmond County qualifies as a state agency. See O.C.G.A. § 15-18-10(a) (establishing that "each district attorney shall receive an annual salary from state funds as prescribed by law"); see also Vierling v. Celebrity Cruises, Inc., 339 F.3d 1309, 1314 (11th Cir. 2003) (noting that, of the three factors weighed in determining whether an entity qualifies as an "arm of the state" for purposes of Eleventh Amendment immunity, the most important is the "source of the entity's funds and responsibility for satisfying judgments"). Accordingly, the Eleventh Amendment shields the District Attorney's Office from liability on Plaintiff's claims against it. See Pugh, 438 U.S. at 782. For these reasons, Plaintiff has not stated any viable claims against the District Attorney's Office of Richmond County.

### C. Claims Barred by Statute of Limitations

Even if the Court were to assume that Plaintiff was bringing claims that did not challenge the validity of his imprisonment, and even if those claims were brought against Defendants subject to suit – which is far from the reality of the situation – those claims would be subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims must be brought within two years of their accrual. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003);

Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the injuries occurred in 1990. His claims pertain to injuries that occurred 22 years before he filed the instant complaint, and are well outside of the two-year statute of limitations period. Therefore, even if Plaintiff's claims were proper under § 1983, they would be subject to dismissal as time-barred.

### D. Federal Tort Claims Act

Lastly, on his civil cover sheet, Plaintiff lists "tort Claim Act" as one of the U.S. Civil Statutes under which he is filing his complaint. (Doc. no. 1-1, p. 1.) However, Plaintiff's attempt to assert claims under what the Court assumes is meant to be the Federal Tort Claims Act ("FTCA") fails. Plaintiff fails to identify any federal action taken by any of the named Defendants, and his indiscriminate listing of the FTCA as one of bases for his cause of action is thus both conclusory and vague, in that he provides no factual basis to support a claim under the FTCA. The FTCA is a limited waiver of the federal government's sovereign immunity that permits private parties to bring suit in federal court against the United States for injuries resulting from the tortious conduct of persons acting on behalf of the United States. 28 U.S.C. §§ 1346(b)(1) & 2674. Furthermore, Federal Rule of Civil Procedure 8(a)(2) provides that, to state a claim for relief, a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has clarified that this standard does not demand "detailed factual allegations," but "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting Twombly, 550 U.S. at 555)). Moreover, to state a viable claim, the pleader must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678.

Here, Plaintiff does nothing to show that the FTCA has any bearing on his allegations. He has not alleged that any of the named Defendants injured him through any tortious conduct while acting on behalf of the United States. Therefore, to the extent that Plaintiff is attempting to assert claims under the FTCA, his complaint fails to state a claim upon which relief can be granted.

### III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of September, 2012, at Augusta, Georgia.

_W. LEON BARFIELD_
UNITED STATES MAGISTRATE JUDGE