IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| WILLIE JAMES HOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 112-127 |
| | ) |
| DISTRICT ATTORNEY'S OFFICE OF | ) |
| RICHMOND COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 8.) In his original complaint, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, attempted to raise claims under 42 U.S.C. §§ 1983. (See doc. no. 1.) Because he is proceeding *in forma pauperis*, Plaintiff's complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii), and the Magistrate Judge recommended that Plaintiff's case be dismissed for failure to state a claim upon which relief can be granted. (See doc. no. 4, p. 9.) The majority of Plaintiff's objections are a reiteration of the arguments raised in his complaint; however, two points merits further discussion.

First, although Plaintiff objects strenuously to each of the reasons that the Magistrate Judge discussed in recommending that Plaintiff's case be dismissed, the bulk of his objections relate to his steadfast assertion that he was arrested pursuant to a void affidavit

and warrant in 1990, which is also the main subject of his complaint. (See doc. no. 1, pp. 3-5.) However, as the Magistrate Judge explained in detail in the R&R, the Supreme Court has held that when a plaintiff's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512, U.S. 477, 486-87 (1994).

In his objections here, Plaintiff appears to attempt to prove the invalidity of his imprisonment by simply asserting in an entirely conclusory manner that the affidavit and warrant that led to his 1990 arrest were void for a variety of reasons. (See doc. no. 8, pp. 2-4.) With that invalidity so "proven," Plaintiff then proceeds to discuss his claims against each Defendant in light of that supposed state of affairs. (Id. at 5-9.) Crucially, however – and notwithstanding his effort to unilaterally conduct an analysis of the validity of his imprisonment – Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, his objections do not call into question the impropriety of his claim under Heck, and, as the Magistrate Judge explained in the R&R (see doc. no. 4, p. 4), his complaint is subject to dismissal on that ground alone.

Moreover, as also clearly explained in the R&R, even if Plaintiff had properly brought claims pursuant to § 1983, his claims are barred by the two-year statute of limitations applicable in Georgia. (Id. at 7-8.) Although the Magistrate Judge correctly found that Plaintiff's claims were barred because he knew or should have known of the injuries alleged in his complaint when those injuries occurred in 1990 (id. at 8), Plaintiff now argues that the

2

statute of limitations should not bar his complaint since he did not receive his "first copy of the arrest warrant and affidavit [until] June 2008." (Doc. no. 8, pp. 4-5.) Even if the Court were to accept Plaintiff's assertion as true and accordingly find that the applicable statute of limitations was tolled until June of 2008 – which the Court declines to do, especially considering that Plaintiff has cited no authority for such a proposition nor provided any explanation otherwise – Plaintiff's complaint is *still* barred by the two-year statute of limitations. Plaintiff's complaint was filed on August 30, 2012, over four years after the date that Plaintiff alleges he received copies of the warrant and affidavit. (See doc. no. 1.) Therefore, in addition to being subject to dismissal for improperly challenging the validity of his imprisonment, Plaintiff's complaint is also subject to dismissal as time-barred for falling outside the applicable statute of limitations.

As noted above, the remainder of Plaintiff's objections constitute reiterations of the arguments in his original complaint or are premised on the faulty assumption that his conviction has been declared void, and need not be addressed further.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, and this civil action is **CLOSED**.

SO ORDERED this 21st day of November, 2012, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA